OFFICE OF THE ATTORNEY GENERAL

GERALD C. MANN
Attorney General

Honorable L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. O-2535

Re: Can the described
deliveries be made by
the truck without having
it registered in Texas?

We have received your recent request for the opinion of this Department upon the above stated question. For factual background of your request, we quote from your letter as follows:

"A man living in Texas and his brother living in Arizona are operating under a trade name in Arizona, and are delivering fruit into Texas by truck which is registered under an Arizona license.

"The question arises:

"Can such deliveries be made by this truck without having it registered in Texas?

"The Arizona concern is a partnership, wholesale dealers in fruit and vegetables.

"The truck does not make scheduled trips to Texas, but makes from one to four trips per month delivering fruit and vegetables to their distributing warehouse in Texas, from which place it is redistributed by Texas registered trucks to other points."

The registration and licensing laws respecting motor vehicles are shown by the various sections of Article 6675a, Vernon's Civil Statutes. Sections 6, 6a, 7 and 8 have specific application to commercial motor vehicles, truck-tractors and trailers or semi-trailers. Examination of these sections reveals no exception under which the owner or operator of a truck line is permitted to operate a truck, truck-tractor or trailer without first licensing same under the provisions of the laws of Texas relating thereto.

Article 6675a-2 provides, inpart:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this state, and each chauffeur, shall apply each year to the State Highway Department through the county tax collector of the county in which he resides for the registration of each such vehicle owned or controlled by him, . . ."

Section (L) of said Article 6675a-1 defines the term "owner" as follows:

"(L) 'Owner' means any person who holds the legal title of a vehicle or who has the legal right of possession thereof, or the legal right of control of said vehicle."

We are assuming that the partners in the instant case have a community of interest as common owners of the property engaged in the business.

The first question which arises is whether or not the vehicle in question is excepted from the general registration laws by Article 827b of the Penal Code, which deals with non-resident owners of motor vehicles. Under said Article 827b temporary registration certificates may be obtained for out of state vehicles by non-resident owners.

A "non-resident" is defined in Section 1 of said Article 827b as follows:

"'Non-resident' means every resident of a state or country other than the State of Texas, whose sojourn in this State, or whose occupation, or place of abode, or business in this State, if any, covers a total period of not more than one hundred and twenty-five days in the calendar year."

The courts of this State do not recognize a partnership as a legal entity. The Commission of Appeals of Texas, in the case of Martin vs. Hemphill, 237 S.W. 550, speaking through Justice Powell stated;

" . . . A partnership, at common law, is not a legal entity, but only a contractual status."

The Commission of Appeals of Texas held that the common law rule applied in Texas in the case of Allison vs. Campbell, 1 S.W. (2d) 866. The court stated as follows:

". . . A partnership at common law is not a legal entity but a contractual status. Martin vs. Hemphill (Tex. Com. App.) 237 S. W. 550, 20 A.L.R. 984; Marshall v. Bennett, 214 Ky. 328, 283 S. W. 115; Schumaker on Partnerships (2d. Ed.) p. 2. Texas has no statute regulating general partnerships, in the absence of which the rules of common law govern the courts in dealing with the question of general partnerships."

TheFort Worth Court of Civil Appeals in the case of Beggs v. Brooker, 79 S.W. (2d) 642, stated as follows:

"A partnership has no legal entity. It exists only as its individual members exist."

The Federal District Court for the 7th District of Ohio in the case of E. I. Depont De Nemours Powder Co. v. Jones Bros., 200 Fed. Rep. 638, stated as follows:

"Residence cannot be predicated of a partnership."

The Supreme Court of Ohio in the case of Byers vs. Schlupe, 38 N. E. 117, stated as follows:

"A partnership is not, in our judgment, a legal entity, having, as such, a domicile or residence separate and distinct from that of the indivicuals who constitute it."

The above holding of the Ohio courts is the law in this State, because said cases are predicated upon the idea that a partnership is not a separate legal entity aside and distinct from the individual partners. Therefore, the residence of a partnership must be considered the same as that of the individuals comprising the partnership. It follows that the partnership in question, by virtue of one of its members being a resident of this State, is a domestic partnership and as such is a resident of the State of Texas. The fact that one of the partners resides in Arizona, and though the Arizona Laws may construe this partnership a resident of that state, the partnership, nevertheless, is a resident of Texas under the Motor Vehicle Registration Law.

Under the foregoing authorities, you are respectfully advised that it is the opinion of this Department that Article 827b of the Penal Code would have no application to the vehicle in question and that the vehicle should be registered in Texas under our general registered in Texas under our general registration laws.

Trusting that this satisfactorily disposes of your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ D. Burle Daviss

By

D. Burle Daviss
Assistant

DBD:BEE/cg

APPROVED JULY 29, 1940
Glenn R. Lewis
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWE, Chairman